This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-36589**

**CARLOS SANCHEZ,**

Worker-Appellant,

v.

**GRACELAND N.M. LLC a/k/a GRACELAND PORTABLE BUILDING, and GLEN METCALF, jointly and severally,**

Employers,

and

**STATE OF NEW MEXICO UNINSURED EMPLOYERS' FUND,**

Insurer-Appellee.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Reginald C. Woodard, Workers' Compensation Judge**

Dorato & Weems LLC
Derek Weems
Albuquerque, NM

for Appellant

Hector H. Balderas, Attorney General
Santa Fe, NM
Richard J. Crollett, Special Assistant Attorney General
Albuquerque, NM

Richard Bustamante
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}**     Carlos Sanchez (Worker) appealed from the July 2017 order entered by the Workers' Compensation Judge (WCJ) that denied his application seeking, in relevant part, enforcement of the previous compensation orders entered by the WCJ and sanctions for bad faith or unfair claim-processing practices against the New Mexico Uninsured Employers Fund (the UEF). After full briefing, we issued an order of limited remand that required the WCJ, in part, to take action to enforce his prior orders and to consider whether Worker was entitled to sanctions for bad faith or unfair claim-processing practices. Following remand, the parties filed supplemental briefing with this Court wherein Worker contends his appellate claims remain viable and the UEF contends the appeal is moot. The UEF also filed a motion to dismiss this appeal as moot, which Worker contested. We deny the UEF's motion to dismiss by separate order and reach the merits of Worker's arguments. For the reasons that follow, we affirm. Nevertheless, because our order of limited remand granted the relief sought by Worker in this appeal, we remand for a determination of whether Worker has exhausted the statutory limits on attorney fees and, if not, calculation of the proper attorney fee award for this appeal.

**BACKGROUND**

**{2}**     On December 10, 2013, Worker, an employee of Graceland N.M. LLC and Glen Metcalf (collectively, Employer), was injured in a work-related accident when a foreign object entered Worker's right eye. Employer had no workers' compensation insurance at the time of the incident. Worker underwent eye surgery at University of New Mexico Hospital (UNMH) and received medical care from various providers and facilities, including UNMH, UNM Medical Group, Cibola Regional Medical Center, Eye Associates, and Lovelace Women's Hospital in the months following the accident. Worker suffered a detached retina, scarred pupil, and removal of the eye lens, resulting in a disability to his right eye directly caused by the workplace accident. In June 2014 Worker filed a compensation complaint and amended compensation complaint with the Workers' Compensation Administration (WCA).

**I.     The March 2015 and June 2015 Compensation Orders**

**{3}**     In March 2015 Worker and Employer reached a settlement agreement, and the WCJ entered a compensation order based on that agreement. In relevant part, the March 2015 compensation order ordered Employer to (1) pay for all medical billing including two dates of service at UNMH, one date of service at Cibola Regional Medical Center, one date of service at Eye Associates, and one date of service at Lovelace Women's Hospital; and (2) reimburse the monies the New Mexico Commission for the Blind extended for Worker's medical care. This compensation order also indicated that

Employer understood that failure to make timely payments could result in the matter being referred to the UEF for payment of benefits owed under the order and Employer could be responsible for anything paid by the UEF as well as associated fees and penalties.

**{4}** In June 2015 Worker filed an application with the WCA seeking, in relevant part, enforcement of the March 2015 compensation order after Employer failed to meet its obligations pursuant to the compensation order. In July 2015 the district court granted Worker's application and entered a supplemental compensation order, which incorporated the findings and conclusions of the March 2015 compensation order and reiterated Employer's obligations under that order.

## II.     The August 2015 Compensation Order

**{5}** In June 2015 Worker filed a motion to compel the UEF to pay the benefits in accordance with the March 2015 compensation order. In support of his motion, Worker noted that Employer was now defunct and unable to fulfill its obligations under those orders. In August 2015 the WCJ granted Worker's motion and ordered the UEF to process benefits in the claim in accordance with the March 2015 compensation order.

## III.     The December 2016 Compensation Order

**{6}** In August 2016 Worker filed a second workers' compensation complaint after his right eye ruptured and he received additional medical care. Worker made an offer of judgment, which the UEF accepted. Accordingly, in December 2016, the WCJ entered a compensation order consistent with the parties' agreement. The December 2016 compensation order left all of the previous compensation orders in full force and effect and required the UEF to pay Worker's newly incurred medical bills including one date of service at Lovelace and one date of service at UNMH.

## IV.     The July 2017 Order

**{7}** In May 2017 Worker filed an application with the WCA seeking enforcement of the previous compensation orders and a finding of bad faith and unfair claim-processing practices. Worker contended that all medical bills and amounts owed pursuant to the previous compensation orders remained unpaid by the UEF. Worker further contended that the UEF's failure to fulfill its requirements under the previous compensation orders "constitute[d] willful violation of [his] rights to benefits and, accordingly, are actions done in bad faith."

**{8}** In response, the UEF contended that Medicaid had already paid all of Worker's medical bills related to the previous compensation orders.[1] Therefore, the UEF argued that it could not make payment related to those bills until it received notice of reimbursement from Medicaid's recovery unit. The UEF further argued that it did not

---

[1]At the hearing on Worker's May 2017 application, Worker also represented that Medicaid had paid his medical bills.

have to take any proactive action to reimburse Medicaid until Medicaid identified the UEF as a party liable for reimbursement. Having not been so identified, the UEF contended it could not be found to have committed bad faith or unfair claim-processing practices. The UEF also contended it, as a state agency litigant, was not subject to a penalty even if it had committed bad faith or unfair claim-processing practices. Finally, the UEF argued that Worker lacked standing to pursue a subrogation reimbursement claim on behalf of Medicaid.

**{9}** In July 2017 the WCJ entered an order that contained the following relevant findings: (1) Worker's at-issue medical bills were previously paid by Medicaid; and (2) the UEF was in compliance with the December 2016 compensation order because it "submitted the appropriate information to Medicaid to allow reimbursement of Medicaid [and was] awaiting permission from Medicaid to submit said reimbursements."[2] Accordingly, the WCJ denied Worker's application, and Worker appealed.

## V.    Worker's Appeal, the Limited Remand, and the Resulting March 2020 Compensation Order

**{10}** Following complete briefing by the parties and our review of the record proper, we issued an order of limited remand after concluding that "further action by the WCJ is required in order to enforce existing orders in the underlying proceedings, and that further findings thereafter are warranted prior to our resolution of remaining issues, if any, on appeal." Specifically, this Court ordered (1) the parties to report to the WCJ their knowledge of any current financial liabilities of Employer/the UEF as pertinent to Worker's medical costs paid by third-party providers; (2) Worker to provide documentation of medical bills related to his injuries; (3) the UEF to communicate with Medicaid and the Commission for the Blind concerning reimbursement due under the WCA; and (4) the WCJ to take action to enforce the prior orders it had issued. We also left the questions of whether the UEF engaged in bad faith or unfair claim-processing practices and whether Worker should recover penalties for any bad faith or unfair claim-processing practices to the WCJ. The WCJ was then to issue a final order that declared any remaining liabilities or responsibilities of the parties.

**{11}** On remand, the WCJ held two hearings. One day before the first hearing, the UEF notified Medicaid's third-party administrator, Blue Cross Blue Shield of New Mexico, that the UEF was the responsible party for payments made on Worker's behalf and requested information to properly issue Medicaid's reimbursement check. At the first hearing, the UEF, without conceding its position that Medicaid is required under state and federal law to give lien notice to the UEF, voluntarily agreed to pay all outstanding medical bills without lien notice from Medicaid and informed the WCJ that the only remaining issues would be Worker's bad faith/unfair claim-processing claims and the attorney fee amount. At the second hearing, Worker sought admission of his relevant medical bills, which were admitted without objection. At least one of the

---

2Based on our review of the record, it is unclear how the WCJ reached the second finding. The record indicates that the UEF has maintained consistently throughout this protracted litigation that it has no obligation to take any affirmative steps toward reimbursing Medicaid.

admitted medical bills contradicted the previous assertions from both parties that Medicaid paid all of Worker's bills.

**{12}**   Following the second hearing, the WCJ issued the final order on remand (the March 2020 compensation order). In the March 2020 compensation order, the WCJ did not make explicit findings of fact or conclusions of law. However, we distill the March 2020 compensation order into three parts: (1) a determination that the UEF was in substantial compliance with the previous compensation orders; (2) a discussion of the challenges to reimbursement of Medicaid, including improper balance billing by medical providers, Medicaid's and WCA's maximum allowable payment (MAP) schedules, and the status of certain alleged "unpaid" medical bills of Worker; and (3) a denial of Worker's application for damages based on bad faith or unfair claim-processing practices by the UEF.[3]

**{13}**   Following entry of the March 2020 compensation order, Worker and the UEF filed supplemental briefs with this Court. Worker maintained that all of his appellate issues were still valid following the limited remand. The UEF did not respond directly to any of Worker's contentions and instead contended that the March 2020 compensation order resolved all outstanding issues. The UEF then filed a motion to dismiss Worker's appeal as moot.

## DISCUSSION

**{14}**   Worker's arguments in this appeal can be simplified into two contentions: (1) the WCJ failed to enforce its prior orders; and (2) the WCJ erroneously declined to require the UEF to pay damages for bad faith and unfair claim-processing practices. In addressing these arguments, "[w]e review the WCJ's factual findings under a whole record standard of review." *Romero v. Laidlaw Transit Servs., Inc.*, 2015-NMCA-107, ¶ 8, 357 P.3d 463. While "[w]e give deference to the WCJ as fact[-]finder where findings are supported by substantial evidence[, t]he WCJ's application of the law to the facts is reviewed de novo." *Id.* (citation omitted). "We also apply a de novo standard of review to the extent that our analysis involves the interpretation of workers' compensation statutes." *Id.*

**{15}**   We begin our analysis of Worker's arguments by generally describing the workers' compensation claims process: "The Workers' Compensation Act (the Act) . . . is designed to compensate workers for injury arising out of and in the course of employment." *Flores v. McKay Oil Corp.*, 2008-NMCA-123, ¶ 9, 144 N.M. 782, 192 P.3d 777. The Act is intended to "assure the quick and efficient delivery of indemnity and medical benefits to injured and disabled workers at a reasonable cost to the employers who are subject to the provisions of the [WCA.]" NMSA 1978, § 52-5-1 (1990). The Act

---

3The WCJ concluded that "Worker's assertion that the UEF's alleged failure to reimburse Medicaid d[id] not rise to the level of bad faith." However, we note that the WCJ also wrote, "[T]his WCJ declines to decide the bad faith claim absent directive from the Court of Appeal that the issue is within the scope of the [l]imited [r]emand." Based on these contradicting statements, it does not appear that the WCJ considered anything other than bad faith despite Worker's request for damages based on bad faith and unfair claim-processing practices.

aims "to avoid uncertainty in litigation and to assure injured workers prompt payment of compensation." *Valdez v. Wal-Mart Stores, Inc.*, 1998-NMCA-030, ¶ 15, 124 N.M. 655, 954 P.2d 87 (alteration, internal quotation marks, and citation omitted). Further, "public policy demands" that an injured worker and his family are kept at "least minimally secure financially." *Aranda v. Miss. Chem. Corp.*, 1979-NMCA-097, ¶ 32, 93 N.M. 412, 600 P.2d 1202. To that end, the UEF was statutorily created as a "payor of last resort" to protect injured workers in circumstances when employers do not fulfill their obligations under the Act. NMSA 1978, § 52-1-9.1(C), (I) (2004).

**{16}** Before discussing Worker's arguments on appeal, we note that there is no dispute as to the WCJ's determination of benefits as to Worker's eye injury. Further, nothing in the record suggests Worker was prevented from obtaining medical care for which he was eligible. The record additionally demonstrates that the UEF timely paid all indemnity benefits and attorney fees to Worker.

**{17}** Turning to Worker's first contention—that WCJ failed to enforce his prior orders on limited remand—we conclude it is unavailing for two reasons. First, the UEF took steps on remand to ensure reimbursement of Medicaid by communicating that it was the responsible party. Second, when presented with alleged unpaid medical bills, the WCJ reviewed the bills and ordered the UEF to pay the bills pursuant to the previous compensation orders or concluded that the UEF had no obligation to pay as the amount due was impermissible balance billing. It is important to note that these enforcement actions were undertaken on a clarified record; that is, at least one medical bill demonstrated for the first time that the parties' earlier contention that Medicaid had paid all of the bills was incorrect. Accordingly, under these unique circumstances, we are not persuaded that the WCJ failed to enforce the prior orders on remand.

**{18}** Despite our conclusion, we recognize that the foregoing enforcement actions occurred only after entry of the order of limited remand. Because our order of limited remand encompassed the relief requested by Worker in his appeal, we conclude that he is entitled to attorney fees should any more be available under the statutory limits imposed by the Act. Accordingly, we remand for a determination of whether Worker has exhausted the statutory limits on attorney fees, *see* NMSA 1978, § 52-1-54(I) (2013) (establishing a cap on attorney fees), and, if not, calculation of the proper attorney fee award for this appeal.

**{19}** We now turn to Worker's second claim, which is that the WCJ erroneously declined to require the UEF to pay damages for bad faith and unfair claim-processing practices. To resolve this claim, we must first determine whether the UEF is subject to damages based on claims of bad faith or unfair claim-processing practices. Because Worker fails to persuade us that the WCJ erred by concluding that the UEF is not subject to such damages, we affirm the WCJ's denial of Worker's application for bad faith or unfair claim-processing practices damages on that basis and do not reach the question of whether the UEF's conduct constituted bad faith or unfair claim-processing practices.

**{20}** "The doctrine of law of the case relates to litigation of the same issue recurring within the same suit." *Laughlin v. Convenient Mgmt. Servs., Inc.*, 2013-NMCA-088, ¶ 20, 308 P.3d 992 (omission, internal quotation marks, and citation omitted). "Under the law of the case doctrine, a decision on an issue of law made at one stage of a case becomes a binding precedent in successive stages of the same litigation." *Id.* (internal quotation marks and citation omitted). "It is based on a matter of precedent and policy; it is a determination that, in the interests of the parties and judicial economy, once a particular issue in a case is settled it should remain settled." *Id.* (internal quotation marks and citation omitted). "The law of the case doctrine is discretionary and flexible and is not a doctrine of inflexible law." *Id.* (alteration, internal quotation marks, and citation omitted).

**{21}** Worker's law of the case argument relies on an early finding entered by the WCA director's designee "that pursuant to the rules of the [WCA] the UEF is to be treated for the purposes of adjudication of any disputes as a party with all rights and responsibilities under law including the right to disqualify one judge." As suggested by the language of the finding, it arose after Worker moved to set aside the UEF's disqualification of a previously assigned WCJ. We agree with Worker's acknowledgement that the WCA's director's designee's finding went beyond the relief that was sought by the UEF—the ability to disqualify one judge. Although the director's designee made a broad statement regarding the UEF's rights and responsibilities as a "party" to the case, the director's designee did not rule on the question before us: whether the UEF is subject to penalties for bad faith and unfair claim-processing practices under the Act. Accordingly, the director's designee's ruling did not constitute law of the case on the question presented in this appeal.

**{22}** Worker next contends that "[e]ven without [the WCA's director's designee's] pronouncement that the UEF has all rights and responsibilities of a party, the UEF is still subject to penalties for bad conduct by the plain language of [the Act]." Worker failed to direct us in his brief in chief to any provisions of the Act in support of that statement. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority in support of an argument, we may assume no such authority exists."). In his reply brief, Worker expands on his argument and asserts that the UEF is a claim-processing representative under NMSA 1978, Section 52-1-28.1 (1990). Because Worker made his argument under Section 52-1-28.1 for the first time in his reply brief, we decline to address it. *See Wilcox v. N.M. Bd. of Acupuncture & Oriental Med.*, 2012-NMCA-106, ¶ 15, 288 P.3d 902 (stating that we do not consider an appellant's arguments that were not raised in the brief in chief unless such arguments are directed to new arguments or authorities in the answer brief).

**{23}** Because Worker has not persuaded us that the WCJ erred in denying Worker's application for damages based on bad faith or unfair claim-processing practices by the UEF, we need not, and do not, answer whether the UEF can ever be held responsible for damages based on bad faith or unfair claim-processing practices. Further, Worker's failure to persuade us on the threshold question of whether the UEF is subject to damages for bad faith or unfair claim-processing practices prevents us from reaching a

conclusion on whether the UEF's conduct here constituted bad faith or unfair claim-processing practices. Nevertheless, we take a moment to note concern with the UEF's conduct in this case.

**{24}** The WCJ first ordered the UEF to pay for Worker's medical bills in August 2015. At that time, the parties were working under the incorrect presumption that Medicaid had paid all of Worker's medical bills. Accordingly, the UEF knew in August 2015 that it was obligated, at the minimum, to reimburse Medicaid for any monies it paid for Worker's medical treatment. The UEF nevertheless took no affirmative steps to begin reimbursement of Medicaid until after our order of limited remand, relying on authorities identifying Medicaid's duty to identify parties responsible for repayment. Further, during remand, the UEF conceded that it had failed to take any action despite Medicaid contacting it regarding reimbursement as early as January 2019. The UEF's lack of initiative caused unnecessary delay because none of the regulations on which the UEF relied prohibited the UEF from contacting Medicaid to begin the reimbursement process once the WCJ's orders established the UEF's reimbursement obligation. Had the UEF promptly reimbursed Medicaid, Worker's concerns regarding his own liability for reimbursement would have been allayed and further litigation on this point would not have been necessary.

**CONCLUSION**

**{25}** Under these unique circumstances and for the foregoing reasons, we affirm. However, because our order of limited remand granted the relief sought by Worker in this appeal, we remand for a determination of Worker's attorney fees, if available, on appeal.

**{26}  IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**ZACHARY A. IVES, Judge**